**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:19-CV-22995-LOUIS

PAYCARGO, LLC,

    Plaintiff,
v.

CARGOSPRINT LLC, and
JOSHUA WOLF, an individual

    Defendants.
_____/

## ORDER ON MOTION TO SEAL

**THIS CAUSE** comes before the Court upon Defendants Cargosprint, LLC and Joshua Wolf's Unopposed Motion For Leave to File Under Seal Defendants' Statement of Undisputed Material Facts and Exhibits In Support of Defendants' Motion for Partial Summary Judgment, and Defendants' Motion for Partial Summary Judgment ("Motion to Seal") (ECF No. 156). Having reviewed the Motion, and being otherwise duly advised on the matter, the Court hereby **DENIES** the Motion to Seal, without prejudice, for the following reasons.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978) and *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245 (citing *Chicago Tribune*, 263 F.3d at 1312).

However, "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). Rather, the common-law right of access may be overcome by a showing of good cause, a standard that requires a court to balance the public's right of access against the party's interest in keeping information confidential. *Jankula v. Carnival Corp.*, No. 18-CV-24670, 2019 WL 8051714, at *1 (S.D. Fla. July 30, 2019); *Romero* 480 F.3d at 1246) (reversing trial court's decision to seal a document, based on a party's speculative and conclusory assertion that sealing was necessary, finding trial court had abused its discretion). In balancing public interest against that of a party, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, and the availability of a less onerous alternative to sealing the documents. *Romero* 480 F.3d at 1246.

Here, Defendants seek to file under seal their Statement of Undisputed Material Facts, exhibits in support of their Motion for Partial Summary Judgment, and their Motion for Partial Summary Judgment (ECF No. 156). However, Defendants have failed to show good cause to allow the requested documents to be filed under seal. Instead, Defendants contend that such documents should be filed under seal because these documents were designated as "Attorneys' Eyes Only," pursuant to the Protective Order entered in this case, or because they contain discussion of such confidential documents. As noted in the case cited by Defendants in the Motion to Seal: that both parties want to seal court documents is "immaterial" to the Court's discretion to withhold the documents from the public right of access. *See Romero*, 480 F.3d at 1247.

While Defendants borrow the language of the Protective Order to generally describe the nature of documents that were designated as "Attorneys' Eyes Only" in discovery, they provide no specific explanation of the information they seek to protect or the harm its disclosure may cause;

nor do Defendants put forth any evidence demonstrating the harm to legitimate privacy interests, if any, that would occur if such information was made public.

Federal Rule of Civil Procedure 26 permits courts, upon motion of either party, to enter a protective order that requires a trade secret, confidential research, or commercial information to remain confidential or to be revealed only in a specific manner through the course of the litigation. *See* Fed. R. Civ. P. 26(c)(1)(G). However, entry of a protective order controlling the manner and use of materials in discovery does not eliminate a party's burden to show good cause to overcome the common-law right of access if that party chooses to file such confidential information on the record as part as a pre-trial motion requiring judicial resolution of the merits. *See CRubin, LLC v. Escoriaza*, No. 19-CV-22261, 2020 WL 2542629, at *1-2 (S.D. Fla. May 19, 2020) (denying in part motion for leave to file motion for summary judgment documents under seal where movant failed to show good cause; designation by parties of the materials as "Confidential" or "Highly Confidential" pursuant to the parties' confidentiality order was insufficient to warrant sealing in their entirety).

Because Defendants' Motion to Seal fails to articulate good cause for filing the materials requested under seal, the Motion is **DENIED, without prejudice**. Any renewed motion for leave to file under seal must be supported with evidence sufficient to establish good cause for restricting the public's access to these documents.

**DONE** and **ORDERED** in Miami, Florida this 1st day of April, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE