UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-22995-LOUIS

PAYCARGO, LLC,

              Plaintiff,

v.

CARGOSPRINT LLC, and
JOSHUA WOLF, an individual

              Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF EXPERT JOHN G. PLUMPE AND UNREDACTED RESPONSE TO PLAINTIFF'S OMNIBUS MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Stipulated Protective Order entered by the Court on March 4, 2020 ("Protective Order") [D.E. 48] and S.D. Fla. L.R. 5.4 (b), Defendants CargoSprint LLC ("CargoSprint") and Joshua Wolf ("Wolf") (collectively, "Defendants") respectfully submit this Unopposed Motion For Leave to File Under Seal Unredacted Response to Plaintiff's Motion to Exclude Testimony of Expert John G. Plumpe and Unredacted Response to Plaintiff's Omnibus Motion *in Limine* ("Motion to Seal").

A. <u>Legal Standard</u>

The common law right of access, while an essential component of the judicial system, is not an absolute right. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). A judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question. *See Local Access, LLC v. Peerless Network, Inc.,* No. 6:14-cv-399-Orl-

40TBS, 2017 U.S. Dist. LEXIS 143611, 2017 WL 3896407, at *6 (M.D. Fla. Sept. 6, 2017) (quoting *Chemence Med. Prods., Inc. v. Medline Indus.,* No. 1:13-CV-500-TWT, 2015 U.S. Dist. LEXIS 2958, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12. 2015)). This right of access may be overcome by a showing of good cause. *See Romero,* 480 F.3d at 1246. Whether good cause exists is determined by the nature and character of the information in question. *Id.* (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1315 (11th Cir. 2011). A party's privacy or proprietary interest in the relevant information sometimes overcomes the interest of the public in accessing this information. *See Romero,* 480 F.3d at 1246 (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)). However, when evaluating the privacy interests of parties versus the public interest in accessing information, the Eleventh Circuit considers, among other factors, (1) whether allowing access would impair the functions of the court or harm legitimate privacy interests; (2) the degree and likelihood of injury if made public and (3) the availability of a less onerous alternative. *See Romero,* 480 F.3d at 1246 (citing to *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987)).

**B. <u>Argument</u>**

Defendants intend to file two responses to motions recently filed by Plaintiff, namely (1) a response to Plaintiff's Motion to Exclude Testimony of Expert John G. Plumpe [D.E. 187] and (2) a response to Plaintiff's Omnibus Motion *in Limine* [D.E. 189]. Plaintiff also filed unredacted copies of these motions under seal, designated as [D.E. 188] and [D.E. 190]. These responses rely upon documents which have been designated as "Attorneys' Eyes Only," and/or reference information that has been designated as "Attorneys' Eyes Only" by both Parties. At a general level, the nature of these documents include highly sensitive financial and/or transactional information of both Parties, extensive references to the expert reports exchanged between the Parties, which

also include discussions of how expert methodology was applied to the highly sensitive financial and/or transactional information of both Parties, discussions of Defendants' Salesforce System and how Defendants use and store information within the Salesforce System, the infrastructure of the Salesforce System, and explanations of how some key offerings of Defendants' services began. Approximately, twelve (12) exhibits are implicated between the two Responses.

The Parties in this case are direct competitors within a niche industry, and therefore, the likelihood of injury that would result if a competitor was given unrestricted access to this information is great. *See Local Access,* 2017 U.S. Dist. LEXIS 143611 at *7. Defendants respectfully submit that the information described above is commercially sensitive, and therefore the privacy interests outlined above outweigh the common law right of access to these documents. *Id.* Additionally, Defendants argue because these documents are needed in support of Defendants' Responses, there does not appear to be any other method, short of sealing, that would preserve the confidentiality of the information described. *Id.* Therefore, Defendants move for leave to file unredacted copies of Defendants' Response to Plaintiff's Motion to Exclude Testimony of Expert John G. Plumpe and Defendants' Response to Plaintiff's Omnibus Motion *in Limine*, for the duration of this case through any appeal. After such time, the documents filed under seal are either to be destroyed or returned to the producing party. Defendants intend to also publicly file redacted copies of both Responses.

C. <u>Conclusion</u>

Accordingly, Defendants respectfully request that the Court grant their Motion to Seal.

CASE NO. 1:19-CV-22995-LOUIS

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Defendants has conferred with counsel for Plaintiff, and Plaintiff does not oppose the relief sought.

Date:   May 7, 2021

Respectfully submitted,

**LOTT & FISCHER PL**

**Noah H. Rashkind**
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Noah H. Rashkind
Florida Bar No. 021945
E-mail: nrashkind@lottfischer.com
Giulia C. Farrior
Florida Bar No. 1011300
E-mail:  gfarrior@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089

***Attorneys for Defendants CargoSprint LLC and Joshua Wolf***