UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-CV-22995-LOUIS

PAYCARGO, LLC,

    Plaintiff,
v.

CARGOSPRINT LLC, and
JOSHUA WOLF, an individual

    Defendants.
_____/

## OMNIBUS ORDER ON CONFIDENTIAL DESIGNATIONS AND SEALING

This cause is before the Court upon Plaintiff PayCargo LLC's ("PayCargo") Motion to Undesignate Certain Exhibits to its Statement of Undisputed Material Facts as Attorneys' Eyes Only and/or Confidential ("Motion to Undesignate") (ECF No. 175). Having reviewed the Motion to Undesignate, and being otherwise duly advised on the matter, the Court hereby **GRANTS** the Motion to Undesignate. For the same reasons, the Court **DENIES** both Parties' Motions to file under seal their respective trial exhibit lists (ECF Nos. 213, 220).

### I.    BACKGROUND

In this trademark litigation between competitors, the Court has entered a Stipulated Protective Order (the "Protective Order"), governing the use and exchange of discovery materials (ECF No. 48). The Parties sought the Protective Order pursuant to Federal Rule of Civil Procedure 26(c), representing that they anticipated discovery in this case would involve production or disclosure of "trade secrets, confidential business information, and/or other proprietary information." The Protective Order enables the production of materials that any party determines, in good faith, should be protected from disclosure, including "sensitive commercial information

1

that is not publicly available." The Protective Order recognized two levels of confidential treatment for such materials: "Confidential" or "Attorneys' Eyes Only", the difference being that the Parties may not themselves review materials in the latter category. Designation at either level of confidentiality, however, "does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order."

In its Motion to Undesignate (ECF No. 175), Plaintiff challenges designation of documents on which it relies in support of its Motion for Summary Judgment and which Plaintiff proffers will be used at trial.[1] The Protective Order sets forth a procedure for such challenges, requiring conferral in advance of filing any such motion, and the ability of the objecting Party to seek an *in camera* review of the documents for which designation is challenged. Plaintiff argues that Defendants designated almost 95% of their production as Confidential (including Attorneys' Eyes Only designation), and their vast over-designation needlessly complicates the presentation of evidence in this case. A cursory glance at the docket validates this complaint.

In response to Plaintiff's Motion to Undesignate, Defendants categorize the sealed exhibits at issue into nine different categories and stipulates to the de-designation of documents in the first four categories, with the caveat that some of these documents may include sensitive financial and banking information of third parties that will require redaction pursuant to Federal Rule of Civil Procedure 5.2 (ECF No. 203 at 2-4). The vast majority of the documents, however, Defendants contend should retain their Confidential designation because the documents would reveal the identity of CargoSprint's customers and potential customers, as well as its communications with same, which Defendants contend qualifies as sensitive commercial information that is not

---

[1] Plaintiff moved for leave to file under seal its trial exhibit list on the basis that description of certain exhibits would necessarily disclose names of Defendants' customers and their employees (ECF No. 213).

publicly available; Defendants aver that disclosure of these materials would "cause competitive injury to Defendants if revealed to Plaintiff and the public" (*id.* at 9). No facts or evidence is advanced by Defendants to support these conclusory statements regarding either the sensitivity of the information at issue or the nature or likelihood of the injury claimed.

In reply, Plaintiff claims that Defendants' blanket and overlapping categories fail to specifically demonstrate that such Confidential designations are justifiable, noting that 94.5% of the 53,000 documents produced by Defendants have been designated as "Attorneys' Eyes Only" and if these designations stand, Plaintiff would be essentially precluded from attending its own trial (ECF No. 223). Plaintiff's Reply describes a few exemplary documents,[2] arguing that these illustrate the absence of confidential information. Finally, Plaintiff argues that information regarding Defendants' customers is freely given to prospective customers without restriction, and indeed have been provided to Plaintiff through Defendant's invoices, which contain customer information (*id.*).

## II.    DISCUSSION

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978) and *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "Material filed in connection with any substantive pretrial motion,

---

[2] Plaintiff moved for leave to file an unredacted version of the Reply under seal (ECF No. 222). Having found that Defendants failed to meet their burden to maintain the subject documents under seal, I find it unnecessary to review the unredacted version of the Reply and will deny the Motion by separate order, to the extent it related to the Reply.

3

unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245 (citing *Chicago Tribune*, 263 F.3d at 1312).

However, "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). Rather, the common-law right of access may be overcome by a showing of good cause, a standard that requires a court to balance the public's right of access against the party's interest in keeping information confidential. *Jankula v. Carnival Corp.*, No. 18-CV-24670, 2019 WL 8051714, at *1 (S.D. Fla. July 30, 2019); *see also Romero* 480 F.3d at 1246 (reversing trial court's decision to seal a document, based on a party's speculative and conclusory assertion that sealing was necessary, finding trial court had abused its discretion). In balancing public interest against that of a party, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, and the availability of a less onerous alternative to sealing the documents. *Romero* 480 F.3d at 1246.

Plaintiff challenges the "Confidential" and/or "Attorneys' Eyes Only" designations of 140 exhibits filed in support of its own Statement of Undisputed Material Facts (ECF No. 175). Where a challenge to such designations is made, the party seeking to uphold the designations "must describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015). The mere fact that there is a protective order controlling the manner and use of materials in discovery does not eliminate a party's burden to show good cause to overcome the common-law right of access if those materials are then used as part of a pre-trial motion requiring judicial resolution of the merits. *See CRubin, LLC v. Escoriaza*, No. 19-CV-22261, 2020 WL 2542629, at *1-2 (S.D. Fla. May 19,

2020) (denying in part motion for leave to file motion for summary judgment documents under seal where movant failed to show good cause; designation by parties of the materials as "Confidential" or "Highly Confidential" pursuant to the parties' confidentiality order was insufficient to warrant sealing in their entirety).

Defendants argue that public disclosure of the challenged documents will cause them competitive injury but have provided no basis for me to find that this is so. Arguing only that Plaintiff's ground for removal of the designation are insufficient, Defendants fail to appreciate that it is *their* substantial burden to demonstrate good cause to deny the public right of access to the exhibits attached to the summary judgment motions in this case. Defendants' conclusory assertion that the information is sensitive and will cause competitive injury deprives the Court of any facts (or evidence) from which I too might reach that conclusion.

In their Motion to file their exhibit list under seal (ECF No. 220), Defendants recognize the applicable standard and need for good cause to support the Court's decision to seal exhibits supporting substantive pretrial motions. Yet with neither factual nor evidentiary support, Defendants contend that its communications with customers *and internal communications*—with no further description or limitation, just categorically *all* such communications—constitute commercially sensitive information; and without elaboration, Defendants contend that the likelihood of unspecified injury, if a competitor were given access to this information, is great.

On the present submission, there is no indication why Defendants' customer information is sensitive, why Defendants would be harmed from the disclosure of this customer information, and what harm might actually be suffered as a result. In balancing Defendants' averred interest in non-disclosure, I find that the presumption of public access to the motions and exhibits has not been overcome. *Romero* 480 F.3d at 1246.

Accordingly, the Motion to Undesignate (ECF No. 175) is **GRANTED**. Plaintiff shall file an unredacted version of its Statement of Material Facts on or before June 1, 2021.

The Motions to file unredacted trial exhibit lists under seal (ECF No. 213, 220) are **DENIED**. The Parties shall adhere to their stipulated procedures set forth the in the Protective Order (ECF No. 48) to provide detail that is sufficient to describe the exhibits without unnecessarily disclosing confidential information. In conferral, Defendants should note that I have rejected their argument that disclosure of their customer's names, or employee's names, may be restricted from public access in a substantive proceeding, including on trial exhibits.

Finally, Defendants' Motions for Summary Judgment similarly have been filed with redactions and under seal, largely in adherence to Plaintiff's designations of confidentiality. In their Renewed Motion to File Under Seal (ECF No. 159), Defendants had similarly requested the alternative relief that the documents supporting their Motion (except for excerpts of Plaintiff's expert opinions, which the Court will maintain under seal) be undesignated. By no later than June 7, 2021, Plaintiff shall **SHOW CAUSE** why the documents attached to Defendants' Motion for Summary Judgment should maintain their designation and remain under seal. Plaintiff's Response shall identify, by page and line, any portion of the Motion for Summary Judgment describing material designated as confidential by Plaintiff for which Plaintiff contends there is good cause to keep under seal and redacted from public access.

**DONE** and **ORDERED** in Miami, Florida this 24th day of May, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE