UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-22995-LOUIS

PAYCARGO, LLC,

    Plaintiff,

vs

CARGOSPRINT LLC, and
JOSHUA WOLF, an individual

    Defendants.

_____/

# ORDER

**THIS MATTER** comes before the Court upon Defendants CargoSprint LLC ("CargoSprint") and Joshua Wolf's Motion *In Limine* to Exclude Testimony by Plaintiff's Expert Barry Mukamal Regarding Revenue and Profit Apportionment (ECF Nos. 182, 192). Plaintiff PayCargo, LLC ("PayCargo") filed a Response (ECF No. 211), to which Defendants filed a Reply (ECF No. 219). Upon consideration of the Motion, Response, Reply, and being otherwise duly advised on the matter, the Motion is granted, as follows.

    **I.**    **BACKGROUND**

Plaintiff initiated this action against Defendant CargoSprint and its Chief Executive Officer, founder and president Joshua Wolf, alleging that Defendants breached the terms of the Parties' Settlement Agreement by continuing to use the name "PayAirCargo" in connection with CargoSprint's business, thereby infringing on Plaintiff's trademarks. As part of its damages, Plaintiff intends to seek disgorgement of Defendants' profits resulting from the infringing transactions.

Plaintiff disclosed two damages experts in this case, Barry Mukamal and Daniel Cenatempo. Mukamal is a CPA and his Expert Report, dated February 15, 2021, calculates the

amount of Defendants' profits that resulted from the use of the "PayAirCargo" name (ECF No. 192-1 at ¶ 7). Mukamal also prepared a Partial Rebuttal to the Expert Report of John G. Plumpe, dated March 16, 2021 (ECF No. 192-3). Plumpe is Defendants' expert who calculated Defendant CargoSprint's revenue and profits, as well as an apportionment of those revenues and profits (ECF No. 192-2).

During his deposition, Mukamal confirmed that he was not asked to issue an opinion on Defendants' revenue apportionment, and he instead accepted the assumption that all of Defendants' revenue was attributable to the claimed infringement (ECF No. 182-7 at 32:14-33:33). However, upon questioning from defense counsel about apportionment, Mukamal did indicate that apportionment in this case was speculative and unquantifiable based on the information provided (*id*. at 147:1-148:12).  Plaintiff's other damages expert, Cenatempo, did address issues related to revenue and profit apportionment within his rebuttal report (ECF No. 192-6).

Defendants now move to exclude any evidence of revenue or profit apportionment offered by Plaintiff through Mukamal (ECF No. 211). In response, Plaintiff agrees that Mukamal did not disclose an opinion on apportionment and represents that it has no intention to elicit such an opinion from this expert, noting that the only evidence of such an opinion was elicited *by Defendants* at deposition.

## II.     DISCUSSION

A motion *in limine* seeks to exclude evidence prior to trial. *Holderbaum v. Carnival Corp.*, No. 13-24216, 2015 WL 12085846, at * 1 (S.D. Fla. Mar. 4, 2015). The purpose of a motion *in limine* is to give the court notice of the movant's intent in order to avoid the introduction of damaging evidence, which could affect the fairness of the trial. *Smith v. Royal Caribbean Cruises, Ltd.*, No. 13-20697-CIV, 2014 WL 5312534, at * 1 (S.D. Fla. Oct. 10, 2014). The movant has the

burden of demonstrating that the evidence is inadmissible on any relevant ground. *Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *1 (S.D. Fla. Jan. 30, 2020). However, "[t]he rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv*., No. 16-22484-CIV, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016); *see also U.S. Specialty Ins. Co. v. Atl. Biologicals Corp*., No. 18-23276-CIV, 2020 WL 132116, at *4, n.1 (S.D. Fla. Jan. 13, 2020); *Singh v. Caribbean Airlines Ltd*., No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Singh,* 2014 WL 4101544, at *1.

Defendants' Motion *In Limine* does not seek to exclude any of the opinions disclosed in Mukamal's Expert Report or Partial Rebuttal (ECF No 219 at 2). Rather, Defendants seek to preclude Plaintiff from eliciting from Mukamal an opinion at trial regarding revenue and profit apportionment that he did not disclose in his reports. Specifically, Defendants seek to preclude the Plaintiff from eliciting from Mukamal an explanation as to "why he did not adopt Defendants' expert Mr. Plumpe's apportionment analysis, as discussed in his deposition"; and "any opinions he expressed regarding Mr. Plumpe's analysis, when questioned by counsel during his deposition" (*id*.). Defendants aver that Mukamal's opinion on these topics should be excluded because neither his Expert Report nor his Partial Rebuttal contain a statement of opinions regarding revenue and profit apportionment, and because Mukamal was not asked to render an opinion on these topics (ECF No. 192 at 5).

While this case is set for a bench trial, and thus evidentiary doubts should generally be resolved in favor of admissibility, Plaintiff does not object to Defendants' Motion *In Limine* "to

the extent Defendants' motion *in limine* is limited to Mr. Mukamal's opinions of Defendants' expert John G. Plumpe's revenue apportionment and profit apportionment analysis, which have not been provided by Mr. Mukamal to date . . . provided Defendants do not elicit such testimony from Mr. Mukamal at trial" (ECF No. 211 at 2).

Pursuant to Federal Rule of Civil procedure 26(a)(2)(b)(i), an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." "[F]ailure to comply with the Rule 26(a) has significant consequences since an expert witness may not testify to subject matter beyond the scope of the report unless the failure to include that information was substantially justified or harmless." *Jacobson v. R.J. Reynolds Tobacco Co.*, No. 1:12-CV-23781-UU, 2013 WL 12094859, at *1 (S.D. Fla. Sept. 11, 2013) (precluding expert testimony on a topic not included in expert's report). It is without dispute that Mukamal disclosed no opinion on profit or revenue apportionment in either of his reports, and indeed Plaintiff represents no intention to elicit one.

Accordingly, and without opposition from Plaintiff, Defendants' Motion *In Limine* is granted, to the extent it seeks to preclude Plaintiff from eliciting an opinion regarding revenue or profit apportionment through Mukamal. Notwithstanding, this ruling is without prejudice to Plaintiff eliciting testimony as may be necessary to complete an opinion by Mukamal if first partially elicited by Defendants on cross-examination. Defendants are thus cautioned about opening the door to the testimony they are moving to exclude.

**DONE** and **ORDERED** in chambers in Miami, Florida, this 14th day of June, 2021.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Cc: All Counsel of Record