# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-22995-LOUIS

PAYCARGO, LLC,

    Plaintiff,

vs

CARGOSPRINT LLC, and
JOSHUA WOLF, an individual

    Defendants.

_____/

## ORDER

**THIS MATTER** comes before the Court upon Plaintiff PayCargo, LLC's Omnibus Motion *In Limine* (ECF Nos. 189, 190). Defendants CargoSprint LLC and Joshua Wolf filed a Response (ECF No. 208), to which Plaintiff filed a Reply (ECF No. 225). Argument was heard on the Motion *In Limine* on June 21, 2021. Upon consideration of the Motion, Response, Reply, the Parties' arguments before the Court, and being otherwise duly advised on the matter, the Court hereby **DENIES, without prejudice** Plaintiff's Omnibus Motion *In Limine*.

### I. BACKGROUND

Plaintiff initiated this action against Defendant CargoSprint and its Chief Executive Officer, founder and president Joshua Wolf, alleging that Defendants breached the terms of the Parties' Settlement Agreement by continuing to use the name "PayAirCargo" in connection with CargoSprint's business, thereby infringing on Plaintiff's trademarks. As part of its damages, Plaintiff seeks disgorgement of Defendants' profits resulting from the infringing transactions.

The Parties have engaged experts and prepared competing opinions on the appropriate amount of revenue and deductible costs to determine the appropriate amount of damages. As Defendants here bear the burden of proving the deductible costs, Plaintiff requested documents substantiating Defendants' costs and expenses to challenge Defendants' reliance on such costs as incurred in the

generation of the infringing revenue. In response to these requests, Plaintiff received a profits and loss spreadsheet ("P&L Spreadsheet"), which was generated for the purposes of this litigation and is derived from data maintained in Defendants' Salesforce database. Plaintiff further had access to all data maintained in the Salesforce database, which is indisputably a massive amount of data. Plaintiff explains it demanded all records supporting expenses listed on the P&L Spreadsheet and was provided assurance that they would be produced. However, Defendants ultimately responded that all supporting records were stored in the Salesforce data and produced no other documentation, with one exception described below. Plaintiff explains that the documentation of expenses stored on the Salesforce database lacks any indicia of reliability as it reflects manually entered notations made by Defendants, as opposed to automatically generated by a third party, as is the case with revenue data stored on the same Salesforce database.

Plaintiff further explains that after the close of discovery and during Plumpe's deposition, Defendants produced 36 invoices from Maria Elvira Nuñez de la O ("Elvira") that purport to show services provided by Elvira's Mexican entity for the provision of labor. Defendants proffered that the invoices were not produced late because they are duplicative of the Salesforce data; Plaintiff challenges this proffer and represents that only two of the invoices were recoverable on the Salesforce platform, both of which appear to be different than in the produced documents, suggesting that they have been manipulated at some point after creation.

Plaintiff contends that Defendants' expert based his calculation of costs and expenses on the P&L Spreadsheet, conversations with Mr. Wolf and other CargoSprint employees, Defendants' tax returns, and the 2018 to 2020 Elvira invoices. It is averred that Defendants did not provide their expert, or Plaintiff, with any additional invoices or data supporting CargoSprint's costs, despite Plaintiff's multiple requests. In total, Plaintiff argues that the proof adduced in discovery is insufficient as a matter of law to support Defendants' claimed deductible costs. As such, Plaintiff

seeks to exclude from trial (1) any argument or discussion of costs or expenses Defendants seek to deduct in a disgorgement of profits analysis; (2) any documentary evidence of Defendants' costs and expenses previously requested but not produced; (3) the 2018 to 2020 Elvira invoices; and (4) Defendants' P&L Spreadsheet.

In Response, Defendants represent that their P&L Spreadsheet was not simply generated for purposes of this litigation; rather, the underlying data in the P&L Spreadsheet is maintained in the ordinary course of business, and the data was produced as a summary of the Salesforce data at Plaintiff's request. As to the allegation that Defendants failed to provide documents to support their P&L Spreadsheet, Defendants claim that it produced not only its tax documents, but their entire Salesforce database, which includes all of Defendants' costs and expenses related to the purportedly infringing profits—even the data contained within the Elvira invoices. Because Defendants have produced all evidence of their costs and expenses, Defendants aver that they should not be excluded from arguing or discussing disgorgement of profits or using the produced evidence, including the Elvira invoices and the P&L Statement.

## II.   APPLICABLE LAW

A motion *in limine* seeks to exclude evidence prior to trial. *Holderbaum v. Carnival Corp., No. 13-24216*, 2015 WL 12085846, at * 1 (S.D. Fla. Mar. 4, 2015). The purpose of a motion *in limine* is to give the court notice of the movant's intent in order to avoid the introduction of damaging evidence, which could affect the fairness of the trial. *Smith v. Royal Caribbean Cruises, Ltd*., No. 13-20697-CIV, 2014 WL 5312534, at * 1 (S.D. Fla. Oct. 10, 2014). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co*., No. 19-CV-80111, 2020 WL 496065, at *1 (S.D. Fla. Jan. 30, 2020). However, "[t]he rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent

evidence." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 16-22484-CIV, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016); *see also U.S. Specialty Ins. Co. v. Atl. Biologicals Corp.*, No. 18-23276-CIV, 2020 WL 132116, at *4, n.1 (S.D. Fla. Jan. 13, 2020); *Singh v. Caribbean Airlines Ltd.*, No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Singh*, 2014 WL 4101544, at *1.

### III. ANALYSIS

Defendants bear the burden of proving all costs and deductions claimed in a disgorgement of profits analysis under 15 U.S.C. § 1117. Plaintiff argues that Defendants cannot meet their burden based on the evidence produced in discovery because the documents fail to show that their claimed costs were related to the infringing service and were actually paid. Defendants contend that the Salesforce data, which was produced to Plaintiff, is sufficient evidence to meet their burden and is reliable; indeed, both Parties' experts indisputably relied on data stored in the database to inform their opinions. Plaintiff urges that the evidence of revenue has a higher degree of reliability because it is automatically generated upon a third-party request; by contrast, all information pertaining to costs is manually entered and lacks supporting records relating to the expenditure to show either that it was billed or paid for the purported purpose.

The Parties' respective proffers illustrate the complexity of the Salesforce data and the inability to fair characterized it as one static exhibit. Rather, it is a multitude of potential exhibits, susceptible to different evidentiary challenges. While a proper foundation must be laid for the Salesforce data to evidence costs and payments, as recognized by Defendants during argument, the Court does not find sufficient basis to exclude in its entirety all Salesforce data or the experts' respective opinions of profit disgorgement based thereon. Plaintiff's request to exclude data stored

4

on Salesforce is denied, without prejudice to renew subject to the foundation advanced for its admission at trial.

The admissibility of the P&L Statement is dependent upon the admissibility of the Salesforce information on which it is based; this was recognized by all Parties at oral argument. Plaintiff's request to exclude the P&L Statement from trial is denied again without prejudice.

Finally, Plaintiff's request to exclude the invoices of Elvira is denied as moot. Defendants proffered that they have no intention of advancing the invoices at trial. As Defendants explained, the data included in these invoices can be found within the Salesforce data, which is what their expert relied upon in forming his opinions. Indeed, Defendants confirmed that Plumpe did not receive these invoices until after he had already opined on the costs to be deducted, and only reviewed the invoices in connection with his rebuttal report. While Defendants may neither advance the invoices as evidence nor elicit an expert opinion based on them, this is without prejudice to Plaintiff's ability to cross the expert and challenge whether he in fact relied on the contested invoices for any part of his opinion.

**IV.	CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Omnibus Motion *In Limine* (ECF Nos. 189, 190) is **DENIED, without prejudice**.

**DONE** and **ORDERED** in chambers in Miami, Florida, this 24th day of June, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Cc: All Counsel of Record

5